JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :     **11 CRIM 900**

    - v. -                          :     INDICTMENT

BRIAN McCARTHY,                     :     11 Cr.

             Defendant.        :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 1 2011

COUNT ONE
(Conspiracy to Commit Criminal Copyright Infringement)

The Grand Jury charges:

1. From at least in or about 2005, up to and including in or about January 2011, in the Southern District of New York and elsewhere, BRIAN McCARTHY, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit an offense against the United States, to wit, to violate Title 17, United States Code, Section 506(a)(1) and Title 18, United States Code, Section 2319.

2. It was a part and an object of the conspiracy that BRIAN McCARTHY, the defendant, and others known and unknown, would and did willfully infringe a copyright for purposes of commercial advantage and private financial gain, and would and did reproduce and distribute, including by electronic means, during any 180-day period, one and more copies and phonorecords of one and more copyrighted works, which have a total retail value of more than $1,000, and would and did distribute a work

being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, when McCARTHY, and others known and unknown, knew and should have known that the work was intended for commercial distribution, in violation of Title 17, United States Code, Section 506(a)(1) and Title 18, United States Code, Section 2319.

Overt Act

3.   In furtherance of the conspiracy and to effect its illegal object, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   On or about December 15, 2010, BRIAN McCARTHY, the defendant, provided a link on the Channelsurfing.net website to a live stream of a telecast of a basketball game that was protected by a copyright held by the National Basketball Association.

(Title 18, United States Code, Section 371.)

COUNT TWO
(Criminal Infringement of a Copyright)

The Grand Jury further charges:

4.   From at least in or about 2005, up to and including in or about January 2011, in the Southern District of New York and elsewhere, BRIAN McCARTHY, the defendant, willfully and knowingly did infringe a copyright for purposes of commercial advantage and private financial gain, and did reproduce and distribute, including by electronic means, during any 180-day

2

period, one and more copies and phonorecords of one and more copyrighted works, which had a total retail value of more than $1,000, and did distribute a work being prepared for commercial distribution, by making it available on a computer network accessible to members of the public, when McCARTHY knew and should have known that the work was intended for commercial distribution, to wit, McCARTHY, for personal profit, distributed copyright-protected sporting event telecasts and Pay-Per-View events over the Internet without the authorization of the rightful copyright owners.

>(Title 17, United States Code, Section 506(a)(1);
>Title 18, United States Code, Sections 2319 and 2.)

## FORFEITURE ALLEGATION

5.   As a result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, BRIAN MCCARTHY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 2323, and Title 28, United States Code, Section 2461, any and all property constituting and derived from proceeds obtained directly and indirectly as a result of the offenses, and any property used and intended to be used in any manner and part to commit and to faciliate the commission of the said offenses.

## Substitute Assets Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 981 and 2323;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____  
FOREPERSON    10/21/11

_____  
PREET BHARARA  
United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

BRIAN McCARTHY,

Defendant.

INDICTMENT

11 Cr.

(17 U.S.C. § 506(a)(1);
18 U.S.C. §§ 371, 2319 and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

*10/21/2011 - Filed Indictment · Case Assigned to Judge Griesa.*
*AJC*

*Pitman*
*U.S.M.J.*